# Exhibit A

# Complaint

# Exhibit A

Electronically Filed
2/17/2026 5:52 PM
Steven D. Grierson
CLERK OF THE COURT

Apemwoyah Kisob Alaric-Lorenzo
1301 Premier Court
Las Vegas Nevada 89117
lorenzokisob@gmail.com
702-863-4243

*Pro Se* Plaintiff

CASE NO: A-26-939698-C
Department 24

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Apemwoyah Kisob Alaric-Lorenzo,<br><br>**Plaintiff,**<br><br>V.<br><br>Citadel Servicing Corporation, d/b/a Acra Lending; DOES 1–10; ROE ENTITIES 1–10,<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Fraud and Intentional Misrepresentation<br>2. Negligent Misrepresentation<br>3. Deceptive Trade Practices – NRS Chapter 598<br>4. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>5. Unjust Enrichment<br>6. Contract Reformation / Rescission<br>7. Violations of Nevada Mortgage Lending Laws<br>8. Civil Conspiracy<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Apemwoyah Kisob Alaric-Lorenzo ("**Plaintiff**") demands trial by jury and alleges as follows:

### I.     PARTIES

2. Plaintiff Apemwoyah Kisob Alaric Lorenzo is an individual resident of Nevada and managing member of Miyaka Yahweh LLC, a real estate holding entity intended to own

the subject investment property.

3. Defendant Citadel Servicing Corporation d/b/a Acra Lending ("**Defendant**") is a California corporation and mortgage lender engaged in loan origination and underwriting in Nevada.

4. Plaintiff is unaware of the true names and capacities of Does 1–10 and ROE entities 1–10, who are sued fictitiously. Each Doe and ROE entity Defendant was responsible in some manner for the events described herein. Plaintiff will amend this Complaint when their identities are known.

5. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, DOES 1 through 10 and ROE entities 1–10 are and were individuals acting the course and scope of their employment, corporations, associations or otherwise. Plaintiff will amend this complaint to allege their true names and capacities when they become known to Plaintiff.

6. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, Defendants were the agents, representatives, fiduciaries, insurers, and/or co-conspirators of each other. Defendants were acting within the course and scope of such relationship and are responsible for the acts alleged herein and as proximate cause for Plaintiff's damages.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction because the transaction concerns Nevada real property and unlawful conduct occurring in Clark County, Nevada.

8. Venue is proper in Clark County because the subject property is located at 347 Gana Court, Henderson, Nevada ("**the Henderson property**").

## III.   FACTUAL ALLEGATIONS

### A.   Intended Borrower Structure

9. Plaintiff sought financing for an investment property loan secured by the Henderson property.

10. From the inception of the transaction, Plaintiff expressly informed Defendant that the intended borrower would be Miyaka Yahweh LLC, not Plaintiff individually.

11. Defendant acknowledged and processed the loan application on that basis. Defendant represented material loan terms including:

    a. Interest rate approximately 6.5%
    b. 20% down payment
    c. Competitive market pricing
    d. Proper pre-closing disclosures
    e. Entity borrower vesting

12. Plaintiff possessed an approximately 830 credit score. Plaintiff qualified for both a DSCR loan and a bank-statement loan offering materially better pricing.

13. Defendant knew or should have known Plaintiff qualified for superior loan options. Defendant failed to present those alternatives. Instead, Defendant steered Plaintiff into a more expensive DSCR product.

### B. Suppression of Competing Offer

14. Plaintiff provided Defendant a written competing loan estimate reflecting approximately a 6.1% interest rate and substantially lower payment.

15. Defendant ignored or suppressed this offer. Defendant failed to explain pricing disparities.

### C. Bait-and-Switch at Closing

16. At closing, and without any advance disclosure or notification, Defendant imposed materially worse terms:

    a. Interest rate increased to approximately 6.99%
    b. Increased down payment to 25%
    c. Monthly payment ≈ $3,107.49
    d. Borrower changed from LLC to Plaintiff individually

17. Plaintiff had already committed substantial funds and time. Defendant created

economic pressure eliminating meaningful choice. Plaintiff signed under duress.

### D. Forced Individual Liability

18. Defendant reversed the agreed borrower structure.
19. Plaintiff was forced to sign individually.
20. This exposed Plaintiff to personal liability that was never intended.
21. The written loan documents do not reflect the parties' true agreement.

### E. Loan Sale to Investor

22. On or about February 3, 2026, Defendant mailed out a letter to Plaintiff stating that the loan had been sold to an investor. This was despite promising to investigate Plaintiff's claims as laid out in a letter detailing his issues with the loan.
23. The loan was sold while origination misconduct was known or should have been known. The assignment ratified and continued the wrongful transaction. The investor took the loan subject to Plaintiff's defenses.

### F. Damages

24. Plaintiff suffered financial harm including:
    a. Higher interest costs
    b. Excessive monthly payments
    c. Lost opportunity financing
    d. Personal liability exposure
    e. Transaction expenses
    f. Ongoing economic injury
25. The monthly excess payment exceeds approximately $250–$350. Over 30 years, excess lifetime payments exceed $90,000–$126,000. With compounding and opportunity cost, damages exceed $150,000.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Fraud and Intentional Misrepresentation

**(Against All Defendants)**

26. Plaintiff incorporates all previous paragraphs.

27. Defendant knowingly and intentionally misrepresented loan pricing, structure, and options.

28. Defendant promised Plaintiff a loan with 20% down payment and a 6.5 interest rate. The loan was also to be given to Miyaka Yahweh LLC and not Plaintiff individually.

29. Defendant knew that for the loan amount, and available loan options, it could never honor its promises and as such knew that its representations were false.

30. Plaintiff ended up making a 25% down payment on the loan with an interest rate of 6.9%.

31. Defendant concealed Plaintiff's eligibility for superior financing, the loan's final interest rate and the actual down payment that would be required of Plaintiff.

32. Defendant failed to disclose prior to closing, material changes to the loan's terms, interest rate and down payment.

33. Defendant intended reliance and Plaintiff was unaware of the falsity of the representations.

34. Plaintiff reasonably relied and decided to proceed with obtaining a loan from Defendants instead of other lenders. Plaintiff was justified in relying on Defendants; misrepresentations.

35. Plaintiff suffered damages.

36. Defendant acted with oppression, fraud, and malice. Punitive damages are warranted.

## SECOND CAUSE OF ACTION
### Negligent Misrepresentation
**(Against All Defendants)**

37. Plaintiff incorporates all previous paragraphs.

38. Defendant supplied false information and made false representations in a business

transaction to Plaintiff aimed at guiding plaintiff in his loan seeking transaction.

39. Defendant failed to exercise reasonable professional care.

40. Plaintiff justifiably relied on Defendants false information and Economic loss resulted.

### THIRD CAUSE OF ACTION

### Deceptive Trade Practices – NRS Chapter 598.0953

### (Against All Defendants)

41. Plaintiff incorporates all previous paragraphs.

42. Defendant engaged in deceptive practices affecting Nevada commerce.

43. Defendant misrepresented loan characteristics.

44. Defendant performed bait-and-switch lending.

45. Plaintiff is entitled to statutory remedies.

### FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith

### (Against All Defendants)

46. Plaintiff incorporates all previous paragraphs.

47. Defendant deprived Plaintiff of the benefit of the bargain.

48. Defendant acted in bad faith.

49. Damages resulted.

### FIFTH CAUSE OF ACTION

### Unjust Enrichment

### (Against All Defendants)

50. Plaintiff incorporates all previous paragraphs.

51. Defendant obtained financial benefit through inequitable conduct.

52. Retention is unjust.

53. Restitution is required.

### SIXTH CAUSE OF ACTION

**COMPLAINT FOR DAMAGES**

**Contract Reformation / Rescission**

**(Against All Defendants)**

54. Plaintiff incorporates all previous paragraphs.

55. Loan documents do not reflect the true agreement in relation to down payment and interest rate.

56. Also, the intended borrower was Plaintiff's LLC.

57. Defendant caused inequitable issuance in Plaintiff's name.

58. Equity requires reformation or rescission.

**SEVENTH CAUSE OF ACTION**

**Violations of Nevada Mortgage Lending Laws**

59. Plaintiff incorporates all previous paragraphs.

60. Defendant violated Nevada lending regulations by:

    a. Misrepresenting loan terms

    b. Steering into inferior product

    c. Concealing alternatives

    d. Altering borrower identity

    e. Unfair origination conduct

61. Plaintiff suffered harm.

**EIGHTH CAUSE OF ACTION**

**Civil Conspiracy**

62. Plaintiff incorporates all previous paragraphs.

63. Defendants and investor agreed to profit from wrongful origination.

64. Overt acts included misrepresentation and assignment.

65. Plaintiff suffered damages. All conspirators are jointly liable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. Compensatory damages according to proof.
2. Lifetime excess payment damages
3. Restitution
4. Loan rescission
5. Judicial reformation reflecting intended borrower
6. Declaratory relief
7. Punitive damages where allowed.
8. Statutory damages/penalties
9. Attorneys' fees
10. Interest
11. Equitable relief
12. Any other relief the Court deems just and proper.

Respectfully submitted,

Dated 02/17/2025

Apemwoyah Kisob Alaric-Lorenzo
1301 Premier Court
Las Vegas Nevada 89117
lorenzokisob@gmail.com
702-863-4243

*Pro Se* Plaintiff